ROSEMARY LEDET, Judge.
_JjThis is a quo warranto action. The plaintiff, Susan Menard[1], appeals the trial *342 court’s judgment dismissing her petition for writ of quo warranto. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2012, Ms. Menard filed the petition for writ of quo warranto, challenging the authority of the Acting Director of the City of New Orleans Department of Safety and Permits, Pura Bascos, and the Chief Building Inspector for the City of New Orleans, John Odom, in their official capacities, in issuing a stop work order on the property located at 6017 Canal Boulevard, New Orleans, LA 70124 (“the Property”). The stop work order was litigated in municipal court. The court upheld the action of the Department of Safety and Permits, finding Susan and Ernest Menard guilty of violating the stop work order. They were sentenced and appealed the municipal court judgment to criminal district court. On June 29, 2012, a judgment was rendered in the criminal district court affirming the | ¡/Menards’ convictions for violating the stop work order. Subsequently, the Menards sought review with this Court of the criminal district court’s judgment. On December 13, 2012, the writ was denied. State v. Menard, 12-1123 (La.App. 4 Cir. 12/13/12) (unpub.).
Ms. Menard’s petition for writ of quo warranto was heard by the civil district court on May 18, 2012. Ms. Menard’s petition was denied and the judgment was rendered and signed by the district court judge on June 12, 2012, which stated that the City “has shown by authority the Director of the Department of Safety and Permits acts ...” and that Ms. Menard, “through this Quo Warranto proceeding, erroneously seeks to appeal from or re-litigate the facts and merits of the Stop Work Order, of which a final judgment was issued in Orleans Parish Municipal Court, resulting in a judgment against the plaintiff, and whose appeal of that judgment was denied.... ”
In response to the adverse judgment, on June 15, 2012, Ms. Menard filed the instant appeal.

DISCUSSION

As a preliminary matter, we will address the Department of Safety and Permits’ Motion to Dismiss Appeal for Lack of Jurisdiction. The Department of Safety and Permits asserts that the June 12, 2012 judgment, denying Ms. Menard’s petition for writ of quo warranto, is not a final judgment, but an interlocutory judgment and is not subject to appeal.
|sOn January 4, 2012, Ms. Menard filed a “Petition for Appeal Taken from an Administrative Adjudication Hearing of the Code Enforcement and Hearings Bureau Case No. CEHB-11-7968.” Ms. Menard’s petition sought to appeal a judgment rendered by an administrative hearing officer on December 7, 2011, which found the Property to be a public nuisance and blighted based on alleged housing code violations.
The Louisiana Supreme Court has held that judicial review of the decision of an administrative agency is an exercise of a court’s appellate jurisdiction pursuant to La. Const. art. V, § 16(B), rather than a district court’s original jurisdiction under La. Const. art. V, § 16(A). Willows v. State, Dept. of Health and Hospitals, 08-2357, p. 6 (La.5/5/09), 15 So.3d 56, 60.
*343 Ms. Menard’s petition for writ of quo warranto was filed under the same district court case number as her administrative appeal. However, the petition for writ of quo warranto was not a review of an administrative action under the district court’s appellate jurisdiction. The district court’s review of the petition for writ of quo warranto falls under the court’s original jurisdiction. The district court denied the petition for writ of quo warranto; thus, dismissing the petition. The judgment is final as to that matter and is appealable. Therefore, the Department of Safety and Permits’ Motion to Dismiss Appeal for Lack of Jurisdiction is denied.
As it relates to the instant appeal we will only address Ms. Menard’s second Uassignment of error since the issue is dispositive of the case.[2] Ms. Menard asserts that the court denied the writ of quo warranto for reasons other than the issue before the court, which, she asserts, is a demand that the Department of Safety and Permits demonstrate the authority under which the department regulates activities specifically exempted by law from the Department’s general regulatory oversight.
In the instant case, Ms. Menard filed a writ of quo warranto pursuant to La. C.C.P. art. 3901, which provides:
Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers.
In a quo warranto action, the defendant has the burden of showing by what authority he or she claims to hold office. Crutcher v. Tufts, 04-0653, p. 7 (La.App. 4 Cir. 2/16/05), 898 So.2d 529, 533. If the court finds that burden is not met, that the defendant is claiming or holding office without authority, it is required to render judgment forbidding him or her from doing so. Id. (citing La. C.C.P. art. 3902). The court may also render judgment declaring who is entitled to office and, when necessary, directing an election be held. Id.
I sIn this case, to show by what authority Ms. Bascos and Mr. Odom claim to hold office, the Department of Safety and Permits submitted to the trial court that:
Pura S. Bascos is employed by the City of New Orleans as the Acting Director of the Department of Safety and Permits, duly appointed in her official capacity by Hon. Mitchell J. Landrieu, Mayor of the City of New Orleans and granted authority to direct all functions as the bone fide public official heading the Department of Safety and Permits. John (“Johnny”) Odom is employed in his official capacity as the Chief Building Inspector for the City of New Orleans, Department of Safety and Permits, whose duties and responsibilities consist of performing functions of the Department of Safety and Permits.
*344 In support of its argument, the Department of Safety and Permits submitted an affidavit signed by Ms. Bascos. The Department of Safety and Permits also cites to the Home Rule Charter of the City of New Orleans, Article IV, Section 4-702, which describes in detail the functions of the Department of Safety and Permits.[3]
|(iA writ of quo warranto is narrow in scope and is to be given only a limited use, which is to prevent usurpation of office or of powers. State v. Banta, 03-0200, p. 3 (La.App. 1 Cir. 2/23/04), 872 So.2d 1110, 1112; La. C.C.P. art. 3901. It is undisputed that Ms. Bascos and Mr. Odom lawfully hold their public office. Ms. Menard’s challenge is to their authority to issue a stop work order forbidding work not regulated by the New Orleans Municipal Code Ordinance. Essentially, Ms. Me-nard is asking the court to determine whether Ms. Bascos and Mr. Odom have exceeded the scope of their powers as Director of Department of Safety and Permits and Chief Building Inspector for the City of New Orleans.
This Court, in Plaquemines Parish Council v. Petrovich, 629 So.2d 1322 (La.App. 4th Cir.1993) clarified the challenge of a writ of quo warranto contemplated by La. C.C.P. art. 3901. In the Petrovich case, writs of quo warranto were petitioned relating to the scope of the parish president’s powers over the control and operation of the Port District. This Court determined in Petrovich that:
*345 C.C.P. art. 3901 contemplates a challenge to (1) the authority of one to claim or hold a public office; (2) the authority of one to claim or hold an office in a corporation; and (3) the authority of a corporation to exercise certain powers. The article makes no mention of a challenge to the exercise of powers by one lawfully holding public office. C.C.P. art. 3902 provides for remedies when (1) the court finds that a person is holding or claiming a public or corporate office without authority; and (2) the court finds that a corporation is exceeding its powers. A court is not authorized to issue a remedy \ gander quo warranto relating to the exercise of powers by one lawfully holding public office.
Id. at 1326 (Emphasis supplied).
In filing the petition for writ of quo warranto, Ms. Menard went beyond a challenge to the authority of one who claims or holds a public office. According to the record in the instant case, the Department of Safety and Permits has proved by what authority the Director and Chief Inspector of the Department of Safety and Permits lawfully hold office. Thus, we find no error in the district court’s denial of Ms. Menard’s Petition for writ of quo warran-to.

CONCLUSION

For the foregoing reasons, the district court’s judgment is affirmed.
AFFIRMED

. On February 7, 2012, Ms. Menard filed a "Motion to Add Plaintiff/Appellant,” which sought to add her spouse, Ernest Menard, as a party. The motion was denied by the district court because Mr. Menard did not sign the motion. Mr. Menard was never formally *342 added as a party to the case; however, his signature appears throughout the record on several pleadings.

. Ms. Menard alleges the following assignments of error:
1. The court incorrectly determined that the issue(s) had been previously litigated and ruled upon.
2. The court denied the Writ of Quo War-ranto based on other than the issue before the court, that issue being a demand that the Department of Safety and Permits demonstrate that authority under which the Department regulates activities specifically exempted by law from the Department’s general regulatory oversight.
[a] The Department of Safety and Permits failed to offer lawful authority for specific challenged actions.
[b] The actions of the Department of Safety and Permits were legislative.

. The Home Rule Charter of the City of New Orleans, Article IV, Section 4-702 provides:
The Department of Safety and Permits, headed by a Director of Safety and Permits, shall:
(1) Administer and enforce the zoning and building code ordinances and all state and municipal laws and regulations under which permits are required, as to all officers, departments, boards and governmental agencies and to all persons, firms and corporations, public and private, except as may be otherwise provided herein or by applicable state or municipal law.
(2) Issue permits and to that end:
(a) Receive all applications for permits and determine whether the applicant is entitled thereto according to laws, ordinances and regulations under which the permit is required. No permit shall be issued until after certification by the appropriate office, department or board interested or affected, if any.
(b) Issue the permit if the application is approved and the fee paid, or notify the applicant in writing of any refusal and the reasons therefor.
(3) Make or cause inspections, tests or examinations to be made when prerequisite for the issuance of a permit and no certification is required from another office department or board. When such certification is required, the Chief Administrative Officer shall by rule provide for the making of the necessary inspections, tests or examination.
(4) Revoke, suspend, or cancel any permit which has been violated or which has been issued in violation of the zoning or building code ordinances or other applicable state or municipal law. Any revocation, suspension or cancellation shall be in writing and shall state the reasons therefor.
(5) Provide clerical and other staff assistance required by the boards which are a part of or attached to this Department.
(6) Provide data for the undertaking of studies of housing accommodations in the City in cooperation with the City Planning Commission or any other appropriate agencies.
(7) Make or cause to be made inspections of substandard structures and authorize demolition of property when hazardous to the public health, safety, or welfare.
(8) Recommend terms to be incorporated in any franchise, permit, or privilege to be granted by the City for issuance of Certificates of Public Necessity and Convenience for the regulation and supervision of all passenger vehicles for hire on the streets and other public places as provided by ordinance pursuant to Section 3-131(2) of the City Charter.
(9) Perform such other duties as are required by this Charter or assigned in writing by the Mayor.