EDWIN A. LOMBARD, Judge.
hThe plaintiff, attorney Marie Riccio, appeals the district court judgment granted in favor of the defendants, attorneys Ryan Luminais and Chad Morrow, associates in the New Orleans law firm Sher, Garner, Cahill, Richter, Klein & Hilbert, L.L.C (“the defendant attorneys”) and by CCSH Creditor Protection Corporation (“CCSH”). After review of the matter in light of the applicable law and arguments of the- parties, we do not find that the trial court erred in granting the defendants’ exceptions of no cause of action and, accordingly, affirm the judgment of the district court.

Relevant Facts and Procedural History

This matter arises out of commercial transactions involving Camillus Specialty Hospital, L.L.C., (Camillus), a limited liability company with the license to operate a long term acute care hospital, in which Ms. Riccio’s client, Charles Matthews, claimed an ownership interest. In January 2013, Camillus was acquired by CCSH in a creditor’s sale. Maintaining that the creditor’s sale was a sham and that her client remained the rightful owner, Ms. Riccio refused to deliver mail addressed to Camillus in her possession to CCSH.
On April 13, 2013, on behalf of their client CCSH, the defendant attorneys sought the return, of the documents held by Ms. Riccio, filing a petition for a writ |gof quo warranto and preliminary injunction requesting a court order directing Ms. Riccio to show “by what. authority she claims to hold a position in and/or on behalf of plaintiff, Camillus” and to produce the Camillus property (files, correspondence, and checks) in ■ her possession. Camillus Specialty Hospital, L.L.C. v. Riccio, 13-3738 (La. Civil D. Ct. 6/6/13); 2013 WL 9933578. In response, Ms. Ric-cio filed exceptions of no cause of action, no cause of action, and lack of capacity. Id.
After, a hearing on May 31, 2013, the district court denied -Ms. Riccio’s exceptions but granted the writ of quo warranto and. mandatory injunction filed on behalf of Camillus. The district court directed Ms. Riccio to show by what authority she held the documents belonging to Camillus, observing in its reasons for judgment that although Ms. Riccio claimed to be holding documents for her client, Mr. Matthews did not appear at the hearing or file any *861 pleadings to assert that Ms. Riccio was acting in a representative capacity. Accordingly, the district court granted in-junctive relief, ordering Ms. Riccio to produce the documents to Camillus.
On appeal, however, this court held that “the writ of quo warranto was erroneously granted because the district court was not authorized to issue a remedy under quo warranto relating to the individual exercise of alleged corporate authority.” Camillus Specialty Hospital, L.L.C. and CCSH v. Riccio, 13-1172, p. 8 (La.App. 4 Cir. 1/30/14), 133 So.3d 287, 292. The court pretermitted discussion of the injunctive relief granted by the district court, deeming the issue moot because the requested documents had been delivered by Ms. Riccio to Camillus. Id., 13-1172, p. 10; 133 So.3d at 293.
On January 29, 2015, Ms. Riccio sought to reopen the matter, filing a pleading in district court under the same district court ease number (13-3788) | ¡¡entitled “Marie Riccio’s Petition in Reconvention Alleging Abuse of Process and Related Claims.” According to the heading, this new case (“MARIE RICCIO, Petitioner in Reconvention, v. RYAN LUMINAIS, ESQ AND CHAD MORROW, ESQ., CCSH CRED. PROT. CORP., ABC INS. CO., Defendants in Reconvention ”) was “consolidated uñth” the earlier case, “CAMILLUS SPECIALTY HOSPTIAL, LLC AND CCSH CREDITOR PROTECTION CORPORATION VERSUS MARIE RICCIO.” Notably, there is no motion for, or order of, consolidation in the record.
In her petition for reconvention, Ms. Riccio alleged that in filing a request for injunctive relief on behalf of their client CCSH pertaining to documents in her possession, the defendant attorneys' “violated their duties to the public, the court and counsel in connection with the representation herein.” Ms. Riccio raised five specific claims (designated as “counts”) against the defendant attorneys and their client, CCSH, asserting: (1) the action filed by the defendant attorneys for the return of their client’s documents constituted a malicious prosecution; (2) the action filed by the defendant attorneys for the return of their client’s documents constituted an “abuse of process” claim, entitling her to an award of sanctions based on La. Civ. Code Proc. art. 863; (3) the defendant attorneys actions were in violation of the American Bar Association’s Model Rules of Professional Conduct, thus subjecting them to disbarment; (4) the defendant attorneys’ action in preparing and seeking a judgment that portrayed her as having acted unprofessionally constituted an intentional infliction of mental anguish and distress; and (5) CCSH was liable for damages in solido with the defendant attorneys for malicious prosecution.
|4In response, the defendant attorneys filed exceptions of no cause of action, prescription, no right of action, lack of subject matter jurisdiction, lack of procedural capacity, as well as vagueness and ambiguity of the petition. In addition, CCSH asserted an exception of no cause of action as to all claims asserted by Ms. Riccio against CCSH in her reconventional petition.
After a hearing on July 15, 2015, the district court issued a judgment on July 27, 2015, sustaining the defendant attorneys’ peremptory exception of no cause of action as to all the claims asserted by Ms. Riccio against the defendant attorneys in her petition and, thereby, deeming the defendant attorneys’ exception of prescription moot. In addition, the district court sustained the exception of no right of action filed by CCSH.
Ms. Riccio appeals this judgment.

Standard of Review

The following standard of review is applicable to the sustainment or denial *862 of a peremptory' exception of no cause of action:
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or ' controvert the objection that the petition fails to state & cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court and this Court should 'subject the case to de novo review because the exception raises a question of law and the trial court’s decision''is based only on the sufficiency of the petition. Simply stated, a petition ‘should not'be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.
Fink v. Bryant, 01-0987, pp. 3-4 (La.11/28/01), 801 So.2d 346, 348-49 (citations omitted; emphasis added).

Applicable Law

Under the Louisiana Code of Civil Pro* cedure, a “demand incidental to the principal may be instituted against an-advérse party, a co-party, or against a third person,” La. Code Civ. Proc. art. 1031(A) (emphasis added), and a “reconvention” is specifically classified as an “incidental demand.” La. Code Civ. Proc. art. 1031(B). A reconventional demand is commenced by a petition and, when filed by the defendant in the principal action, may be incorporated in the defendant’s answer to the principal demand. La. Code Civ. Proc. art. 1032. After the answer is filed, a recon-' ventional demand may be filed only with leave of court “if it will not retard the progress of the principal action or if permitted by .Articles 1066 or 1092. La. Code Civ. Proc. art. 1033. In turn, La. Code Civ. Proc..art. 1066 provides “An action which either matured or was acquired by the defendant in the principal action after answer may be presented, with the permission of the, court, as a reconventional demand by supplemental pleading, (emphasis added)[1]

Discussion

The gist of Ms. Riccio’s complaint against the defendant attorneys is that the “ulterior and illicit motivation” of their filing a petition for quo warranto and injunc-tive relief for the return of documents belonging to Camillus on behalf of their client (Camillus) was “to gain a strategic litigation advantage to the lawyers’ real client, the silent owner and incorporator of CCSH Cr. Prot. Corp., who was affiliated through his ownership with a different ltac [sic], Jefferson .LTAC , (“JTAC”), which was owned by him with another set of lawyers.”
I (¡There are numerous problems, both procedurally - and - jurisprudentially, with Ms. Riccio’s tactics in filing this action against the defendant attorneys in response to pleadings they filed on behalf of their client, First, Ms. Riccio did not file a reconventional demand against the defen *863 dant attorneys before or with her answer to the main complaint. After the answer to the principal action in a lawsuit is filed, a reconventional demand can only be filed with permission of the court, see La. Code Civ. Proc. art. 1031, but there is nothing in the record indicating that Ms. Riccio either sought or obtained such permission of the court. Likewise, Ms. Riccio indicated in the caption of her pleading that her petition for reconvention was a separate lawsuit “consolidated” with the earlier case, yet there is there is no motion requesting, nor order granting, consolidation. In addition, the initial action filed by the defendant attorneys was for the purpose of obtaining the documents belonging to their client, CCSH. That matter was moot once the documents were turned over to the defendant attorneys’ client, CCSH. Thus, for all significant purposes, the initial case was closed when Ms. Riccio filed her pleading purporting to be a petition in reconvention, yet indicating (erroneously) that it was a separate consolidated case.
Notably, although an attorney acting on behalf of a client in a legal matter may technically qualify as “a third person” under La. Code Civ. Proc. art. 1031(A), there is nothing in the legislative history or . related jurisprudence of Article 1031(A) that suggests an attorney who files a lawsuit on behalf of his client should then be subject to an incidental demand in the lawsuit for actions taken on behalf of his/her client and, under the circumstances of this case, we will. not establish such a precedent. This court’s finding that the defendant attorneys used an 17incorrect procedural device in seeking to obtain their clients’ documents did not create an action against the defendant attorneys. ■ Notably, this court did not order the return of the documents to Ms. Riccio or suggest that the trial court erred in granting, injunctive relief.
As to Ms, Riccio’s specific claims against the defendant attorneys, the district court did not err in finding no cause of action. Ms. Riccio infers that the sale of Camillus was somehow fraudulent or invalid, but nothing in the record indicates that the validity of the sale was legally contested. Although the defendant attorneys pleaded an incorrect procedural device in seeking the return of their client’s property from Ms. Riccio, an appellate decision reversing a judgment on a procedural error does not make the attorneys actionable for abuse of process.
Likewise, a procedural error does not support Ms. Riccio’s claim of malicious prosecution and, in any event, Ms. Riccio failed to show malice on the part of the defendant attorneys. Moreover, this court’s decision, to pretermit discussion of the injunctive relief obtained by the defendant attorneys for their client (because it was moot) does not constitute a “bona fide termination” of the judicial proceeding in Ms. Riccio’s favor. See Jones v. Soileau, 448 So.2d 1268, 1271 (La.1984) (citations omitted) (elements of a malicious prosecution action are (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its-bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming'to legal standards resulting to plaintiff).
Similarly, the defendant attorneys’ action in filing a legal pleading for return of their client’s documents does not, even in light of their procedural error, |8constitute an intentional attempt to inflict emotional distress upon opposing counsel See LaBove v. Raftery, 00-1394, 00-1423, pp. 16-17 (La.11/28/01), 802 So.2d 566, 577 (La.1991) (citation omitted) (elements of *864 intention infliction of emotional distress tort include extreme and outrageous conduct and knowledge or intent that action would cause severe emotional distress).
With regard to Ms. Riccio’s allegations that the actions of the defendant attorneys violated the ABA rules of Professional Conduct, 'such matters are within the jurisdiction of the Attorney Disciplinary Board and are not properly before the district court or this court. We do note, however, that Ms. Riccio’s attempt to rehash the rancorous dealings between the attorneys on behalf of their clients (in the district court and this court) under the guise of an incidental demand in a matter already deemed moot by this court is not favored.
Finally, Ms. Riccio does not brief her claim pertaining to La. Code Civ. Proc. art. 863 and, thus, we deem that issue abandoned on appeal.

Conclusion

The judgment of the district court rendered in favor of the defendant attorneys and their client, CCSH, is affirmed. Each party shall pay its own costs.
AFFIRMED.

. La Code Civ. Proc. art. 1092 pertains to seized property and is" inapplicable- to this case,