906 So.2d 461 (2005)
George VOURVOULIAS
v.
Dr. Kam MOVASSAGHI, Cheryl L. Duvieilh and Lawrence A. Durant.
No. 2004 CA 0262.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
*462 Murphy J. Foster, III, Steven B. Loeb, John M. Madison, III, Baton Rouge, Counsel for Plaintiff/Appellee George Vourvoulias.
Michael D. Fisse, Covington, Counsel for Defendants/Appellants Dr. Kam Movassaghi, Cheryl L. Duvieilh and Lawrence A. Durant.
Before: PARRO, KUHN, and WELCH, JJ.
KUHN, J.
In this suit, we consider whether Louisiana Revised Statutes 44:35 provides a right of action to a person who did not individually make a request to inspect or copy a public record. We find that Louisiana Revised Statute 44:35 grants a right of action to enforce the right to inspect or copy public records under the Public Records Law to only those persons who request to inspect or copy the public records. Thus, we reverse that portion of the trial court's judgment that overruled defendants' peremptory exception raising the objection of no right of action and vacate the remainder of the trial court's judgment.

*463 I. FACTUAL AND PROCEDURAL BACKGROUND
In the proceedings below, plaintiff, George Vourvoulias, sought mandamus and injunctive relief, requiring defendants, Dr. Kam Movassaghi, Secretary of the Louisiana Department of Transportation and Development ("DOTD"), and two of DOTD's attorneys, Cheryl L. Duvieilh and Lawrence A. Durant, to provide access to certain requested public records. In his petition, Vourvoulias, general counsel for James Construction Group ("James Construction"), alleged that on or about September 9, 2003, he presented a written public records request through the law firm of Breazeale, Sachse & Wilson, L.L.P. ("BS & W") to Movassaghi, as custodian of DOTD's records. The September 9th request was actually signed by Marti K. Bivona as legal assistant to BS & W attorney, John M. Madison, III. Therein, Bivona requested access to all documents regarding the DOTD project known as "State Project No. XXX-XX-XXXX, Federal Aid Project No. BR-8866(015), Red River Bridge, Shreveport-Barksdale Highway (Eastbound Bridge), Route La. 3032, Caddo and Bossier Parishes, State of Louisiana" ("the State project"). The September 9th request did not disclose that either Bivona or Madison was acting on behalf of James Construction or Vourvoulias.
Bivona scheduled an appointment to review the documents at DOTD's office. Thereafter, Duvieilh learned that James Construction had filed a lawsuit against DOTD shortly before Bivona made the public records request. The lawsuit set forth breach of contract allegations pertaining to the State project referenced in Bivona's public records request. Duvieilh cancelled Bivona's appointment, indicating that DOTD's policy, once litigation is filed, is that document production is handled through the discovery associated with the litigation. After the appointment was cancelled, Bivona sent a second written request for the same documents, also signed by her as Madison's legal assistant.
After DOTD failed to comply with Bivona's requests, Vourvoulias filed this suit. Defendants responded by filing numerous objections, including the peremptory exception raising the objection of no right of action. Defendants further asserted that the documents sought were exempt from the general provisions of the Public Records Law requiring disclosure, because they were subject to provisions of the Louisiana Code of Civil Procedure governing discovery.
The trial court overruled defendants' exceptions and further ordered DOTD to produce the records sought, subject to an in camera inspection for documents that DOTD claimed were privileged. Additionally, the trial court ordered defendants to pay $3,500.00 in attorney's fees, plus court costs. Defendants appealed, urging among its assignments of error that the trial court erred in overruling its objection of no right of action.[1]

II. ANALYSIS
Generally an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The objection of no right of action is designed to test whether the *464 plaintiff has a real and actual interest in the action. La. C.C.P. art. 927 A(5). The function of the objection of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Industrial Companies, Inc. v. Durbin, XXXX-XXXX, p. 11 (La.1/28/03), 837 So.2d 1207, 1216. The objection of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Id. Evidence is admissible on the trial of a peremptory exception pleaded prior to the trial of the case to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931.
When the September 9, 2003 public records request was made, Louisiana Revised Statutes 44:31 B(1) provided, in pertinent part, that "any person of the age of majority may inspect, copy or reproduce, or obtain a reproduction of any public record."[2] Louisiana Revised Statutes 44:32 A further provides, in part, "The custodian shall present any public record to any person of the age of majority who so requests." Addressing enforcement of this right, Louisiana Revised Statutes 44:35 A states:

Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter [governing public records], either by a final determination of the custodian or by the passage of five days ... from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
(Emphasis added).
If the person seeking the right to inspect or to receive a copy of the public record prevails in his enforcement suit, the court shall award him reasonable attorney's fees and other litigation costs. La. R.S. 44:35 D. Additionally, the court may award the "requester" actual damages when the custodian has withheld the requested record arbitrarily or capriciously. La. R.S. 44:35 E(1).
A hearing was held on the exception. After the trial court denied the objection of no right of action, the suit proceeded to trial. It was not until during the trial on the merits that evidence was introduced establishing that Vourvoulias was general counsel for James Construction, that James Construction had hired the law firm of BS & W to represent it and to make the public records request, and that Bivona was instructed by Madison to make the public records request on James Construction's behalf. During the trial, Vourvoulias testified he had never seen the public records request but had instructed Madison to make the request. Bivona testified she did not know who Vourvoulias was when she made the request but knew she was acting for James Construction.
On appeal, Vourvoulias argues that the BS & W attorney made the public records request on his behalf and that an agent or mandatary may perform all acts and transact all affairs for his principal. We note that no evidence was introduced at the hearing on the exception to establish an agency relationship between Vourvoulias *465 and BS & W or between Vourvoulias and Bivona. On appeal, however, defendants do not challenge that an agency relationship existed between James Construction and BS & W at the time the request was made, but rather argue that Vourvoulias is not the proper party to advance claims under the Public Records Law. We agree.
Only the person who requests to inspect or copy a public record and is denied that right belongs to the class of persons to whom the law grants the cause of action. See La. R.S. 44:35. The record establishes that the named plaintiff in this lawsuit, Vourvoulias, was not the requester; Bivona was the requester. Bivona, as the person who requested access to the documents regarding the State project has a right of action to bring a suit for enforcement of the Public Records Law and for damages, attorney's fees, and litigation costs. Vourvoulias made no request to inspect or copy the records pertaining to the State project, and thus, has no such right. See Plaquemines Parish Council v. Petrovich, 92-2579 (La.App. 4th Cir.12/16/93), 629 So.2d 1322, 1327, writ denied, 94-0151 (La.3/11/94), 634 So.2d 390. Accordingly, we find that Vourvoulias does not belong to the class of persons to whom Louisiana Revised Statutes 44:35 grants the cause of action asserted in this suit.

III. CONCLUSION
For these reasons, that part of the trial court's judgment denying the exception raising the objection of no right of action is reversed. The remaining portions of the judgment are vacated. Appeal costs are assessed against Vourvoulias.
REVERSED IN PART AND VACATED IN PART.
NOTES
[1] Regarding the procedural posture of this suit, defendants also contend that Bivona's joinder as a party plaintiff was necessary for a just adjudication of Vourvoulias' claims. Thus, defendants urge the trial court erred in overruling its exception raising the objection of non-joinder of a party under Louisiana Code of Civil Procedure Articles 641 and 642. Because we find Vourvoulias does not have a right of action to bring this suit, we pretermit a discussion of this contention.
[2] Louisiana Revised Statutes 44:31 B(1) was later amended by Louisiana Acts 2004, No. 759, § 1, and now provides, in pertinent part, "[A]ny person of the age of majority may inspect, copy, or reproduce any public record."