PETTIGREW, J.
In this appeal, defendants/appellants, the State of Louisiana, through the Division of Administration, the State of Louisiana, through the Department of Economic Development, and the State of Louisiana, through the Office of Entertainment Industries Development (“the State”), appeal *1031 from the trial court’s judgment in favor of plaintiff/appellee, Red Stick Studio Development, L.L.C. (“Red Stick”), awarding Red Stick $45,280.36 in sanctions against the State. These sanctions were awarded as a result of the “Motion for Sanctions for Failure to Produce Public Documents” and the “Supplemental, Restated and Substitute Motion for Sanctions for Failure to Produce Public Documents,” filed by Red Stick during the trial on Red Stick’s petition for declaratory judgment on the proper interpretation of Section 3(C) of Act 456 of the 2007 Regular Session of the Legislature (“Act 456”).[1] For the reasons set forth below, we reverse in part, vacate, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
According to the record, prior to the commencement of any litigation in Red Stick I, V. Thomas Clark, Jr. made three separate public records requests to the State seeking documents relevant to Red Stick’s case. On October 23, 2008, in accordance with La. R.S. 44:1, et seq., Mr. Clark sent his first public records request to the Division of Administration (“DOA”) requesting:
[A]ny and all emails dated June 1, 2007 through February 29, 2008 to or from Bill Black and pertaining to any one or more of the following:
1.The interpretation of Motion Picture Infrastructure Tax Credit legislation, commonly referenced as Act 456 of the 2007 Regular Session of the Louisiana Legislature from June 1, 2007 through February 29, 2009;
2. The Red Stick Studios Development Project, INF — 0015; and
3. Robert W. Day
On November 19, 2008, Mr. Clark sent a second public records request to the DOA requesting:
| a Any and all documents not privileged, including but not limited to, minutes of meetings, correspondence, contracts, communications, memoranda, reports, and notes, whether hand-written, printed, typed, or photocopied, that are related to the following:
1. Act 456 of the 2007 Regular Legislative Session.
2. Robert W. Day
3. Red Stick Studios Development Infrastructure Project
4. Hooperwood Infrastructure Project and/or Roger Hooper
The term “related to” was defined as “to refer to, discuss, involve, reflect, deal with, consist of, represent, comprise, constitute, emanate from, be directed at, or in any way to pertain, in whole or in part.”
On this same date, Mr. Clark sent a third public records request, identical to the second request, only this time the request was directed to the Department of Economic Development (“DED”). Various documents were subsequently produced by the State in response to these three public record requests.[2] According to Red Stick, a comparison of the documents ultimately produced by both the DOA and the DED *1032 revealed that numerous emails between employees of the two departments were produced by the DOA but were withheld by the DED. Given the discrepancy in the documents received from the State, counsel for Red Stick met with Bill Black, a former DOA official, on February 20, 2009, and discussed documents he still had in his possession. Red Stick issued a subpoena to Mr. Black, resulting in the production of approximately seventy-one emails between himself and employees of the DED and the Office of Entertainment Industries Development (“OEID”). Red Stick alleges on appeal that many of those email messages contain language and discussions that overwhelmingly supported Red Stick’s arguments in Red Stick I.
The trial in Red Stick I subsequently began on March 10, 2009, at which time Red Stick filed its original motion for sanctions. During the first day of trial, the State produced an additional 2,600 documents. The trial in Red Stick I concluded on March 16, 2009. That same day, Red Stick filed its supplemental and restated motion for sanctions against the DOA, the DED, and the OEID for “failure to comply with public records requests pursuant to La. R.S. 44:1 et seq[.7, for failure to comply with Louisiana Code of Civil Procedure Article 1420, et seq.[] and for violation of Louisiana Code of Civil Procedure Article 863.”
The trial of the supplemental and restated motion was set for March 30, 2009. On March 27, 2009, the State filed an exception raising the objection of no right of action to the claim by Red Stick for sanctions under the Louisiana Public Records Act (“LPRA”) since the public records requests were made by Mr. Clark, not Red Stick. At the start of the trial on the motion for sanctions, the trial court denied the exception raising the objection of no right of action, finding that it was. not well-founded. The trial on the sanctions continued, and after considering the evidence of record, the argument of counsel, and the subsequent motions for new trial filed by both Red Stick and the State, the trial court ultimately rendered judgment in favor of Red Stick, awarding sanctions and attorney fees to Red Stick in the amount of $45,280.36.[3] The State appealed, urging the following specifications of error:
1. The trial court erred in denying the State’s exception of no right of action and in concluding that Red Stick, which did not make the [public records requests], was a “person” who had a right of action to pursue a claim for alleged violation of the LPRA.
2. The trial court erred in failing to strictly construe the LPRA and in awarding attorneys fees and costs under R.S. 44:35(D), which allows attorneys fees and costs if a plaintiff in a suit for a writ of mandamus, injunctive or declaratory relief prevails in his attempt to inspect or copy public records, where no such suit was filed to obtain the documents at issue and, in fact, the documents had already been obtained.
3. The trial court erred in failing to find Red Stick had waived whatever substantive rights to sanctions it might oth *1033 erwise have had by its failing to comply with the mandatory procedures of the [Louisiana Code of Civil Procedure] and the [Uniform District Court Rules].
4. The trial court erred in finding that the DOA and the DED were guilty of arbitrary and capricious conduct in failing to respond to the [public record requests].
5. The trial court erred in awarding attorneys fees at rates in excess of those approved by the AG for the employment of outside counsel, in violation of R.S. 44:35(F), and for an unreasonable total amount.
6. The trial court erred in sanctioning the DOA and the DED for [their] conduct in this case, where such agencies made a reasonable and good faith attempt to respond to the [public records request] and the written discovery; such agencies reasonably thought their responses were complete; no notice of the subpoena duces tecum issued to Black or any opportunity to participate in the production by Black in response to that subpoena had occurred; no notice that Black had produced additional documents was provided; no proceeding for the issuance of a writ of mandamus, injunctive or declaratory relief was instituted; no [Uniform District Court Rules] 10.1 Conference was held; no motion to compel was ever filed; no order compelling discovery was ever issued; and Red Stick intentionally hid and concealed from the State its discovery of additional documents in violation of the [Louisiana Code of Civil Procedure] and the [Uniform District Court Rules].
ANALYSIS
Generally an action can only be brought by a person having a real and actual interest that he asserts. La.Code Civ. P. art. 681. The objection of no right of action tests whether the plaintiff, who seeks relief, is or is not the person in whose favor the law extends a remedy. Howard v. Administrators of Tulane Educational Fund, 2007-2224, p. 16 (La.7/1/08), 986 So.2d 47, 59. A peremptory exception pleading the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. La.Code Civ. P. art. 927 A(6). Louisiana State Bar Ass’n v. Carr and Associates, Inc., 2008-2114, p. 8 (La.App. 1 Cir. 5/8/09), 15 So.3d 158, 165. The objection of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Taylor v. Babin, 2008-2063, p. 5 (La.App. 1 Cir. 5/8/09), 13 So.3d 633, 637, writ denied, 2009-1285 (La.9/25/09), 18 So.3d 76.
At all pertinent times hereto, La. R.S. 44:31 B(l) provided, in pertinent part, that “any person of the age of majority may inspect, copy, or reproduce any public record.” Louisiana Revised Statutes 44:32 A provided, in part, “The custodian shall present any public record to any person of the age of majority who so requests.”
Regarding enforcement of this right, La. R.S. 44:35 A states:
Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages as provided for by *1034 this Section, in the district court for the parish in which the office of the custodian is located.
Moreover, La. R.S. 44:35 D provides that if a person seeking the right to inspect or to receive a copy of the public record prevails in his enforcement suit, the court shall award him reasonable attorney fees and other litigation costs. Additionally, the court may award the “requester” actual damages when the custodian has withheld the requested record arbitrarily or capriciously. La. R.S. 44:35 E(l).
In Vourvoulias v. Movassaghi, 2004-0262 (La.App. 1 Cir. 2/11/05), 906 So.2d 461, this court considered whether the LPRA provided a right of action to a person who did not individually make a request to inspect or copy a public record. George Vourvoulias, general counsel for a construction company, sought mandamus and injunctive relief, requiring defendants to provide access to certain requested public records after defendants failed to comply with a public records request. According to the record, the public records request was signed by a legal assistant for a law firm hired by the construction company to make the public records request. In response to Vourvoulias’ suit, defendants filed numerous objections, including an exception raising the objection of no right of action. The trial court denied the objection of no right of action, and an appeal by defendants followed. Vourvoulias, 2004-0262 at 2-4, 906 So.2d at 462-463.
In reversing the trial court’s ruling on the objection of no right of action, this court noted as follows:
A hearing was held on the exception. After the trial court denied the objection of no right of action, the suit proceeded to trial. It was not until during the trial on the merits that evidence was introduced establishing that Vourvoulias was general counsel for James Construction, that James Construction had hired the law firm of BS & W to represent it and to make the public records request, and that Bivona was instructed by Madison to make the public records request on James Construction’s behalf. During the trial, Vourvoulias testified he had never seen the public records request but had instructed Madison to make the request. Bivona testified she did not know who Vourvoulias was when she made the request but knew she was acting for James Construction.
On appeal, Vourvoulias argues that the BS & W attorney made the public records request on his behalf and that an agent or mandatary may perform all acts and transact all affairs for his principal. We note that no evidence was introduced at the hearing on the exception to establish an agency relationship between Vourvoulias and BS & W or between Vourvoulias and Bivona. On appeal, however, defendants do not challenge that an agency relationship existed between James Construction and BS & W at the time the request was made, but rather argue that Vourvoulias is not the proper party to advance claims under the Public Records Law. We agree.
Only the person who requests to inspect or copy a public record and is denied that right belongs to the class of persons to whom the law grants the cause of action. See La. R.S. 44:35. The record establishes that the named plaintiff in this lawsuit, Vourvoulias, was not the requester; Bivona was the requester. Bivona, as the person who requested access to the documents regarding the State project has a right of action to bring a suit for enforcement of the Public Records Law and for damages, attorney’s fees, and litigation costs. Vourvoulias made no request to inspect *1035 or copy the records pertaining to the State project, and thus, has no such right. Accordingly, we find that Vour-voulias does not belong to the class of persons to whom Louisiana Revised Statutes 44:35 grants the cause of action asserted in this suit.
Vourvoulias, 2004-0262 at 5-7, 906 So.2d at 464-465 (citation omitted).
In denying the objection of no right of action in the instant case, the trial court stated that because Mr. Clark was acting not “individually” but in “his representative capacity” when he made the public records requests to the State, the exception was not well-founded. However, as this court has determined in the Vour-voulias case, the existence, or non-existence, of an agency relationship is not the turning point in a case such as this one. Rather, one must simply look to the language of the LPRA, more specifically, La. R.S. 44:35,- to see that only the person who makes the request to inspect or copy a public record and is denied that right belongs to the class of persons to whom the law grants the cause of action.
In the instant case, it is clear that the named plaintiff, Red Stick, was not the requester of the public records. Mr. Clark was the requester. Thus, Mr. Clark, as the person who requested access to the documents at issue has a right to bring a suit for enforcement of the LPRA and for damages, attorney fees, and litigation costs. Red Stick made no request to inspect or copy the records and, thus, has no such right.[4] See Vourvoulias, supra. See also Plaquemines Parish Council v. Petrovich, 629 So.2d 1322, 1327 (La.App. 4 Cir.1993), writ denied, 94-0151 (La.3/11/94), 634 So.2d 390. (Parish council and port director had no right of action under LPRA to bring suit against Parish President for alleged failure to comply with requests made by individual council members.)
However our inquiry does not end here as Red Stick’s supplemental and restated motion for sanctions against the DOA, the DED, and the OEID was also based in part on the State’s failure to comply with La.Code Civ. P. art 1420, et seq., and for violation of La.Code Civ. P. art. 863. As we appreciate the record in this matter, the documents involved in Red Stick’s motion for sanctions were discovery documents, not pleadings. Louisiana Code of Civil Procedure article 863 allows for the imposition of sanctions when an attorney or party has signed a pleading in violation of the certifications listed in Article 863. However, Article 863, by its very terms, does not apply when the signature is affixed to a document that is not a pleading. According to La.Code Civ. P. art. 852, pleadings in civil actions consist of “petitions, exceptions, written motions, and answers.” Because discovery documents do not fall within one of these categories, Article 863 is not applicable herein. Maxie v. McCormick, 95-1105, p. 4 (La.App. 1 Cir. 2/23/96), 669 So.2d 562, 564.
Regarding discovery matters, La.Code Civ. P. art. 1420 allows for the imposition of sanctions when an attorney or party has *1036 signed a request for discovery, or response or objection thereto, in violation of the certifications listed in Article 1420. It requires that every request for discovery, or response or objection thereto, made by a party represented by an attorney shall be signed by at least one attorney of record in his individual name. La.Code Civ. P. art. 1420(A). In order to impose sanctions under Article 1420, the trial court must factually find that a request for discovery, or response or objection thereto, was made which (1) was not consistent with the rules of discovery or was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, (2) was interposed for an improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation, or (3) was unreasonable, unduly burdensome, or expensive, given the needs of the case, the discovery already taken in the case, the amount in controversy, and the importance of the issues at stake in the litigation. La.Code Civ. P. art. 1420(B).
To determine the existence of a violation, the trial court should avoid the use of hindsight and should test the signer’s conduct by inquiring what was reasonable to believe at the time the discovery request was signed. Murphy v. Boeing Petroleum Services, Inc., 600 So.2d 828, 826 (La.App. 8 Cir.1992).[5] In making the determination, the trial court is required to hold a contradictory, evi-dentiary hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction. La.Code Civ. P. art. 1420(E). If the trial court determines that a certification has been made in violation of the article’s provisions, the court may award sanctions against the person who made the certification or the represented party, or both, and such sanction “may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the request, response, or objection, including a reasonable attorney’s fee.” La.Code Civ. P. art. 1420(D).
In ruling on Red Stick’s motion for sanctions, the trial court gave extensive oral reasons for judgment. At the outset, the trial court noted that Red Stick had alleged that on multiple occasions, starting in October 2008 and continuing through the trial of this matter, the State “failed and refused to comply with the Public Records Statute, R.S. 44:1 et seq. and the discovery procedures, [La.Code Civ. P. arts.] 1420, 863, 1469 and others.” The trial court then continued, however, focusing in on the public records requests made to the State. The trial court found that the departments at issue “acted with deliberate indifference, ineptitude, [ and] confusion” rising “to the level of arbitrary and capricious.” After finding that the State had violated the LPRA, the trial court made no mention of Articles 1420, 863, or 1469 and whether any of these articles were applicable to Red Stick’s motion for sanctions.
 As previously noted, we have already determined that Article 863 is not applicable to the instant case. Moreover, we also find that Article 1469 does not apply herein. Pursuant to Article 1469, a party to litigation may apply to the trial *1037 court for an order compelling discovery when another party fails to answer properly propounded interrogatories or requests for production. La.Code Civ. P. art. 1469. Upon granting such a motion, the trial court must require the party whose conduct necessitated the motion to pay the reasonable attorney fees and expenses incurred by the moving party in obtaining the order, unless opposition to the motion was substantially justified or other circumstances render the award of expenses unjust. La.Code Civ. P. art. 1469(4). However, it is well settled in Louisiana that attorney fees may not be awarded for failure to respond to discovery in the absence of an order to compel. Russell v. Snelling Personnel, 2001-2134, p. 11 (La.App. 1 Cir. 10/9/02), 835 So.2d 672, 679. A review of the record herein reveals no such order to compel. Thus, Article 1469 cannot provide Red Stick any relief in its attempt to garner sanctions in this case.
Accordingly, the only remaining possible relief for Red Stick in this matter is pursuant to Article 1420. However, based on the record before us, we are unable to discern whether the trial court even considered the provisions of Article 1420 or whether there was a certification made in violation of the article’s provisions. Not only is there no mention of Article 1420 in the trial court’s reasons for judgment, but all three judgments at issue are devoid of any mention of Article 1420. Therefore, we must vacate the $45,280.36 award of sanctions against the State and remand the matter to the trial court for further proceedings.[6]
CONCLUSION
For the above and foregoing reasons, that part of the trial court’s April 7, 2009 judgment denying the exception raising the objection of no right of action as to the LPRA is reversed. The remaining portions of the April 7, 2009 judgment, as well as the April 6, 2009 judgment and the May 8, 2009 judgment are vacated. The matter is remanded to the trial court for further proceedings consistent with this opinion. Appeal costs in the amount of $5,002.50 are assessed equally between Red Stick and the State of Louisiana, through the Division of Administration, the State of Louisiana, through the Department of Economic Development, and the State of Louisiana, through the Office of Entertainment Industries Development.
REVERSED IN PART; VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
GUIDRY, J., concurs in the result.
CARTER, C.J., concurs in part and dissents in part with reasons.

. The State has also filed an appeal seeking review of the trial court’s judgment regarding the interpretation of Section 3(C) of Act 456. We address the merits of that appeal in a separate opinion decided this same date. See Red Stick Studio Dev., L.L.C. v. State of Louisiana, et al., 2009-1347 (La.App. 1 Cir. 12/23/09), 30 So.3d 803 (‘‘Red Stick I").

. Red Stick propounded written discovery to the State requesting similar documents, to which the State responded that all such documents had either previously been produced in response to the public records request, or were being produced in connection with the Request for Production of Documents.

. There are three separate judgments at issue in this appeal. The first is the judgment whereby the trial court denied the exception raising the objection of no right of action, granted Red Stick’s motion for sanctions, and ordered the parties to submit affidavits of attorney fees and costs. This judgment is dated April 7, 2009. The next judgment, dated April 6, 2009, awards attorney fees in favor of Red Stick in the amount of $15,750.00 and expenses in the amount of $2,728.82. The third and final judgment, rendered on May 8, 2009, following motions for new trial filed by both Red Stick and the State, awards attorney fees to Red Stick in the amount of $41,177.50 and expenses in the amount of $4,102.86.

. We note that La. R.S. 44:35 A procedurally requires a person who has been denied the right to inspect or copy a record under the LPRA to "institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages." While Red Stick may have failed to follow the correct procedures pursuant to La. R.S. 44:35 A, we preter-mit this issue. We conclude that even if Red Stick had instituted civil proceedings at the trial court level for a "writ of mandamus, injunctive or declaratory relief,” based on the unique facts and circumstances herein, it would have had no right of action to bring a suit for the enforcement of the LPRA. See Vourvoulias, 2004-0262 at 6-7, 906 So.2d at 465-466.

. Although Murphy deals with the imposition of sanctions under Article 863, the purpose and language of Articles 863 and 1420 are virtually identical, except that the former deals with pleadings and the latter with discovery. Zatzkis v. Zatzkis, 632 So.2d 302, 305-306 (La.App. 4 Cir.1993), writs denied, 94-0160, 94-0976 (La.6/24/94), 640 So.2d 1340, Thus, reference to jurisprudence interpreting Article 863 serves as helpful guidance for the decision of cases interpreting Article 1420, as is the case herein.

. We note that La.Code Civ. P. art. 1428 is another discovery article that the trial court should consider on remand. Article 1428(2) provides as follows:
A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which he knows that the response was incorrect when made, or he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.
Thus, the trial court must determine whether the State violated its duty to supplement its discovery responses pursuant to Article 1428. The failure to timely supplement discovery responses, when a duty to do so exists, may trigger sanctions. Chapman v. Regional Transit Authority/TSMEL, 95-2620, p. 6 (La.App. 4 Cir. 10/2/96), 681 So.2d 1301, 1305.