CARTER, C.J.,
agreeing in part and dissenting in part.
| j Although I agree that there is possible relief for Red Stick Studio Development, L.L.C, pursuant to La.Code Civ. P. art. *1038 1420,1 am further of the opinion that relief should be afforded to Red Stick pursuant to La. R.S. 44:35. Different from Vourvoulias v. Movassaghi, 2004-0262 (La.App. 1 Cir. 2/11/05), 906 So.2d 461, the agency relationship between V. Thomas Clark, Jr., and Red Stick is clearly established in the record, and clearly, Red Stick was the party requesting the public records. The October 23, 2008, public records request to the Division of Administration, signed by Clark, was submitted on law firm letterhead. The request clearly states:
Re: Red Stick Studios Development, INF — 0015
Our File: 15477-1
The November 19, 2008, public records requests to the Division of Administration and to the Department of Economic Development, also on law firm letterhead and signed by Clark, do not contain the same reference line. However, both of these requests were filed after Red Stick filed its November 13, 2008, "Petition for Peremptory Writ of Mandamus” thereby naming the State of Louisiana through the Division of Administration, the Department of Economic Development, and the Office of Entertainment Industries Development as defendants. Clark’s signature is on Red Stick’s petition as one of its attorneys of record. “Every request for discovery ... made by a party represented by an attorney shall be signed by at least one attorney of record in his individual name whose address shall be stated.” La.Code Civ. P. art. 1420 A.
Moreover, the record amply supports the trial court’s factual determination that the departments at issue “acted with deliberate indifference, ineptitude, [and] confusion” rising “to the level of arbitrary and capricious.”
For these reasons, I respectfully agree in part and dissent in part.