JOY COSSICH LOBRANO, Judge.
| ¶ This is a public records request dispute, in which the defendants/appellants, Leon A. Cannizzaro, Jr., in his capacity as the Orleans Parish District Attorney, and John R. Rohr, in his capacity as closed records supervisor for the Orleans Parish District Attorney’s Office (collectively the “District Attorney’s -Office”), appeal the September 4, 2015 judgment of the district court, which ordered the District Attorney’s Office to disclose certain documents and information and to pay attorney’s fees and costs to the plaintiff/appellant, Darrell Clayton (“Clayton”).
On February 12, 1981, an Orleans Parish grand jury charged Clayton with one count of first degree, murder, which was amended to one count of second degree murder on March 26, 1981. Following a trial by jury, Clayton was found guilty and sentenced to life in prison. Clayton appealed his conviction and sentence to the Louisiana Supreme Court, which denied review, rendering Clayton’s conviction and sentence final. See State v. Clayton, 427 So.2d 827 (La.1982).
On July 30, 2014, Miguel Nunez, a private investigator, submitted a public records request to the District Attorney’s Office seeking access to its file pertaining |ato Clayton’s prosecution. On August 26, 2014, the District Attorney’s Office responded to the request by producing documents it deemed to be non-privileged and subject to disclosure. This response contained a “Privilege List” signed by John R. Rohr identifying the items withheld from the record production, as follows:
1. Case file folder;
2. Six (6) pages of Pre-Sentence Investigation- Report;
3. One (1) page with heading “Case Review And Trial Brief’;
4. Twenty-seven (27) pages with handwritten entries;
5. Sixty (60) pages of rap sheets;
6. One (1) page of grand jury record; and
7. Two hundred eighty-nine (289) pages of medical records.
On April 23, 2015, Clayton filed a Petition for Writ of Mandamus Under the Louisiana Public Records Act, alleging that he was denied his right to inspect the handwritten entries, rap sheets, and grand jury records, and disputing that these items constitute privileged material. Specifically, Clayton alleges that the withheld items may contain statements by Hereine Brown (“Brown”), the state’s key witness at Clayton’s trial, and Brown’s criminal history, which may impact the credibility of Brown’s statement and trial testimony. Through disclosure of these items, Clayton seeks to discover potentially exculpatory evidence- to support his claim of self-defense, in order to form a basis to pursue post-conviction relief. In his petition, Clayton alleged entitlement to attorney’s fees and court costs.
IsOn June 5, 2015, trial on the writ of mandamus was held before the district court. In open court, the district court judge ordered the District Attorney’s Office to produce the twenty-seven (27) pages of handwritten entries to the district court for in camera review, to produce the sixty (60) pages of rap sheets to Clayton, and to produce the grand jury record to *240 Clayton redacting all information except whether Brown- testified before the grand jury.
Following trial, the parties each separately submitted their respective proposed judgments to the district court for signature. The proposed judgment submitted by Clayton contemplated an award of attorney's fees and court costs pursuant to La R.S. 44:35(D). In response, the District Attorney's Office filed a motion to strike, arguing that the issue of attorney’s fees and costs was not litigated by the parties at trial and that post-trial evidence should not be admitted or considered by the district; court.
.The motion to strike was heard by the district court on July 31, 2015. The district court judge ruled in open- court that she would not strike Clayton’s exhibits, finding that an award of attorney’s fees was required by the mandamus statute, but the district court declined to award certain attorney’s fees corresponding to an invoice not provided to the District Attorney’s Office until the hearing.[1]
On September 4, 2015, the district court rendered judgment ordering the District Attorney's Office to provide the district court judge with the twenty-seven D(27) pages of handwritten entries for in camera inspection within seven (7) days, to disclose the sixty (60) pages of rap sheets to Clayton, and to disclose to Clayton whether Brown testified before the grand jury. Clayton was awarded $639.50 in costs and $1,800.00 in attorney’s fees, for a total of $2,439.50. This appeal followed.
On appeal, the District Attorney’s Office argues that the trial court erred in granting the judgment of mandamus and in awarding attorney’s fees, for the following reasons.
The District Attorney’s Office contends that Clayton does not qualify as a “person” entitled to make a public records request, as the definition of “person” set forth in La. R.S. 44:31.1 excludes sentenced inmates who have exhausted appellate remedies for their felony convictions:[2] According to the District Attorney’s Office’s argument, even if Clayton had the right, to records concerning his prosecution, Clayton is not entitled to prevail on the mandamus action because he never made a public records request for the disputed records, and there is no evidence before the Court that private investigator Miguel Nunez requested records on Clayton’s behalf.
| sWith regard to the specific records requested, the District Attorney’s Office argues that the names of grand jury witnesses are not public record, and that Clayton has not established any compelling necessity or shown with particularity why he -is entitled to know whether Brown tes *241 tified before the grand jury. The District Attorney’s Office also argues that the rap sheets- are exempt from the Public Records Act and that the District Attorney’s Office is not the proper custodian of the rap sheets. Further, they contend that the handwritten entries are attorney work product, which reflect attorneys’ .mental impressions, and that Clayton has not demonstrated that any witness statements are contained in those writings. Lastly, the District Attorney’s Office asserts that the award of attorney’s fees was improper as the issue was not addressed at trial.
Clayton argues on appeal that the district court’s judgment was proper. He contends that any argument regarding Clayton’s standing or right to request records was waived as it was not raised before the district court. Clayton further argues that he qualifies as a “person” under the Public Récords Act, as his grounds for seeking post-conviction relief are that his conviction and sentence are unconstitutional pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) to the extent that exculpatory evidence contained within the District Attorney’s prosecution file was withheld.[3] He also claims that the public | ^records request at issue was made on Clayton’s behalf, by a private investigator whom Clayton hired.
Addressing each disputed portion of the records request, Clayton contends that he seeks production of Brown’s statement to the District Attorney’s Office, which he asserts may be memorialized in the handwritten entries." According to Clayton’s argument, a voluntary statement’ of a witness is not the mental impressions of an attorney, and the only way to determine whether Brown’s statement is contained in the handwritten entries is in camera inspection. Clayton also argues that the rap sheets are not exempt from disclosure because his conviction is final, the exemption does hot apply to rap sheets not compiled by the Bureau of Criminal Identification and Information, and the rap sheets may pertain to Brown. Clayton further contends that the disclosure. of grand jury proceedings is permissible because his need for grand jury -materials, with which he seeks to- gather exculpatory evidence of self-defense, outweighs the need for continued secrecy of grand jury proceedings. Additionally, he argues that under La. R.S. 44:35(D), an award of attorney’s fees is mandated when a petitioner prevails on a petition for writ of mandamus.- Clayton also claims entitlement to additional attorney’s fees for ten (10) hours spent in responding to the instant appeal.
The District Attorney’s Office raises its argument, disputing Clayton’s right of action to bring a petition for writ of mandamus, for the first time on appeal. We acknowledge that at no stage of these proceedings has the District Attorney’s Office filed a peremptory exception of no right of action. Had the District |7Attorney’s Office chosen to do so, an exception of no right of action could have been filed “at any state of the proceeding in the trial .court prior to a submission of the case for a decision or for the first time in the appellate court if pleaded prior to a submission of the case for a decision if proof *242 of the ground of the exception appears of record ...” Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254, 1255 (La.1979). See La. C.C.P. arts. 927, 928, and 2163. Even so, the Louisiana Code of Civil Procedure grants the appellate court the authority to notice, on its own motion, the failure to disclose a “right or interest in the plaintiff to institute the suit.” La. C.C.P. art. 927(B).
Generally, “an action can be brought only by a person having a real and actual interest which he asserts.” La. C.C.P. art. 681. “The exception of no right of action tests whether the plaintiff has a real and actual interest in the action.” Weber v. Metro. Cmty. Hospice Found., Inc., 2013-0182, p. 4 (La.App. 4 Cir. 12/18/13), 131 So.3d 371, 374, citing La. C.C.P. art. 927(5). The function of the exception is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the lawsuit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com’n, 94-2015, p. 4 (La.11/30/94), 646 So.2d 885, 888. “The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.” Indus. Companies, Inc. v. Durbin, 2002-0665, p. 12 (La.1/28/03), 837 So.2d 1207, 1216.
|sThe exception of no right of action is a peremptory exception. La. C.C.P. art. 927(A)(6). The effect of sustaining a peremptory exception is set forth in La. C.C.P. art. 934, which provides as follows:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
Accordingly, if this Court should find that Clayton failed to set forth in his petition that he has a right to institute the instant mandamus action, and if such a defect cannot be cured through amendment of the petition, the result would be dismissal of the mandamus action. Thus, we first address whether Clayton's petition sets forth a right of action to institute the mandamus proceedings before us.
La. R.S. 44:31(B)(1) provides, in pertinent part, that “any person of the age of majority may inspect, copy, or reproduce any public record.” La. R.S. 44:32(A) provides, in part, that “[t]he custodian shall present any public record to any person of the age of majority who so requests.” Regarding the enforcement of this right, La. R.S. 44:35(A) states:
Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, \9injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
*243 (Emphasis added).
La. R.S. 44:35(D) provides that if a person seeking the right to inspect or to receive a copy of the public record prevails in his enforcement suit, the court shall award him reasonable attorney’s fees and other litigation costs.
In Plaquemines Parish Council v. Petrovich, 629 So.2d 1322, 1327 (La.App. 4 Cir.1993), this Court considered whether the Parish Council and the Port District had a right of action under the Public Records Act, where the records request was made by six individual council members, none of whom were named plaintiffs in the lawsuit. The public records requests were made by the council members in their capacity as individual members of the public, not as council members. Id. There was no mention in the requests that the six council members were acting in their official capacity as council persons. Id. One of the requesters testified at trial of this matter that he filed his requests as an individual or a person of the age of majority. Id. The named plaintiffs in the lawsuit, the Parish Council and the Port District, were not requesters. Id. Considering these facts, this Court held that each of the individual council members “would have had separate and distinct rights of action to bring suits for enforcement of the Public Records Law and for attorney’s fees, damages and litigation costs. The ‘Council’ and the ‘Port District’ have no such right.” Id.
Similarly, the Louisiana First Circuit Court of Appeal held that “[o]nly the person who requests to inspect or copy a public record and is denied that right Imbelongs to the class of persons to whom the law grants the cause of action.” Vourvoulias v. Movassaghi, 2004-0262, p. 6 (La.App. 1 Cir. 2/11/06), 906 So.2d 461, 465. In Vourvoulias, the general counsel for a construction company sought mandamus and injunctive relief, requiring defendants to provide access to certain requested public records after defendants failed to comply with a public records request. Id., 2004-0262 at p. 2, 906 So.2d at 463. According to the record, however, the public records request was signed by a legal assistant for a law firm hired by the construction company to make the public records request. Id. Thus, the court found that the general counsel was not the proper party to advance claims under the Public Records Act and had no right of action to bring a suit for the enforcement of the Public Records Act or associated damages, attorney’s fees, or litigation costs. Id., 2004-0262 at p. 6, 906 So.2d at 465.
Relying on Vourvoulias, the First Circuit reached the same result in Red Stick Studio Dev., L.L.C. v. State ex rel. Dep’t of Econ. Dev., 2009-1349, pp. 7-8 (La.App. 1 Cir. 4/8/10), 37 So.3d 1029, 1035, wherein the court found that a film company was not the proper party to file a lawsuit under the Public Records Act to enforce a records request made by an individual. In Red Stick, the individual making the records request was an attorney representing the film company in the litigation on appeal. Id., 2009-1349 at p. 7, 37 So.3d at 1035. Nevertheless, the First Circuit rejected the film company’s arguments that the attorney “was acting not ‘individually’ but in ‘his representative capacity5 when he made the public records requests ...” Id. Rather, the court found:
In... the existence, or non-existence, of an agency relationship is not the turning point in a case such as this one. Rather, one must simply look to the language of the LPRA [Louisiana Public Records Act], more specifically, La. R.S. 44:35, to see that only the person who makes the request to inspect or copy a public record and is denied that right belongs to *244 the class of persons to whom the law grants the cause of action.

Id.-

We are bound by this Court’s pronouncement in Petrpvich and the unambiguous language of La. R.S. 44:35(Á), which afford a right to pursue mandamus proceedings only to the person denied the right to inspect a public record. Moreover, we find the First Circuit’s holdings in Vourvoulias and Red Stick persuasive ánd agree with their reasoning.
In the appeal before us, it is clear that the named plaintiff, Clayton, was not the requester of the public records. Miguel Nunez, a private investigator, was the requester. While Clayton contends that Nunez requested thé records on Clayton’s behalf, there is no evidentiary support for this claim in the record' or any jurisprudence supporting Clayton’s argument that an alleged ‘agency relationship entitles Cláyton to a right of action to bring mandamus proceedings. Accordingly, we find that Clayton does not belong to the class of persons to whom LA R.S. 44:35 grants the cause of action asserted in this lawsuit. Considering the particular facts of this case, we do not find this defect can be cured through the amendment of Clayton’s petition. Because we have determined that Clayton has no right of action to institute the action for mandamus, we find it 'unnecessary to address the various issues raised in this appeal.
|]2For these reasons, the September 4, 2015 judgment of the district court is reversed.-
REVERSED

. While the hearing transcript reflects that evidence was submitted to the district court, no exhibits are contained in the record before us, and the parties have not filed any motion to supplement the record.

. La. R.S. 44:31.1 provides: “For the purposes of this Chapter, person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief under Code of Criminal Procedure Article 930.3. Notwithstanding the provisions contained in R.S. 44:32, the custodian may make an inquiry of any individual who applies for a public record to determine if such individual is in custody after sentence following a felony conviction who has exhausted his appellate remedies and the custodian may make any inquiry necessary to determine if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post conviction relief under Code of Criminal Procedure Article 930.3.”

. See State ex rel. Leonard v. State, 96-1889, p. 1 (La.6/13/97), 695 So.2d 1325, 1325 (“The provisions of La.Rev.Stat. 44:31.1 permit an inmate access to public records when the request is limited to grounds upon which the inmate may file for post-conviction relief’’), La. C.Cr.P, art. 930.3 provides that ”[i]f the - petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds: (1) The conviction was obtained in violation of the constitution of the United" States or the state of Louisiana ...”