SAMUEL BARKER      *      NO. 2022-CA-0301

VERSUS      *

     COURT OF APPEAL

JUDGE KAREN HERMAN,    *
CHIEF JUDGE LAURIE      FOURTH CIRCUIT
WHITE, JUDGE FLEMINGS-   *
DAVILLIER, JUDGE      STATE OF LOUISIANA
BENEDICT WILLARD, JUDGE   * * * * * * *
LANDRUM-JOHNSON, JUDGE
ROBIN PITTMAN, JUDGE
BYRON WILLIAMS, JUDGE
CAMILLE BURAS, JUDGE
DARRYL DERBIGNY, JUDGE
FRANZ-ZIBILICH,
MAGISTRATE JUDGE HARRY
CANTRELL, ET AL.

<u>CONSOLIDATED WITH:</u>      <u>CONSOLIDATED WITH:</u>

SAMUEL BARKER      NO. 2022-C-0297

VERSUS

KAREN HERMAN, ET AL

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-09230, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge
Pro Tempore James F. McKay III)

SAMUEL BARKER, #718022
LOUISIANA STATE PENITENTIARY
17544 Tunica Trace
Angola, Louisiana 70712

     PLAINTIFF/APPELLANT, *PRO SE*

RALPH R. ALEXIS III

GLENN B. ADAMS
COREY D. MOLL
PORTEOUS HAINKEL & JOHNSON, LLP
704 Carondelet Street
New Orleans, Louisiana 70130

COUNSEL FOR DEFENDANT/APPELLEE, DISTRICT PUBLIC
DEFENDER, DERWYN BUNTON, IN HIS OFFICIAL CAPACITY

MADELINE CARBONETTE
DAVID SMITH
ASSISTANT ATTORNEYS GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

COUNSEL FOR DEFENDANT/APPELLEE, GOVERNOR JOHN BEL
EDWARDS

**AFFIRMED; WRIT DENIED**
**October 7, 2022**

RLB
JCL
JFM

*Pro se* plaintiff, Samuel Barker ("Mr. Barker"), appeals the trial court's August 28, 2020 judgment granting exceptions of no right of action in favor of defendants, Derwyn Bunton "Mr. Bunton" and Governor John Bel Edwards ("Gov. Edwards"). [1]  For the reasons that follow, we affirm.

Consolidated with this appeal is a Notice and Request filed by Mr. Barker, which has been accepted by this Court as a supervisory writ application (2022-C-0297).  Therein, Mr. Barker seeks to have Judge Dysart recused from this appeal. [2] As Judge Dysart has not been assigned to the panel in this action, the relief sought by Mr. Barker in the writ application is hereby denied.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

In November 2016, Mr. Barker was convicted on nine counts of various degrees of burglary.  Mr. Barker was sentenced to life in prison as a fourth felony offender.  This Court affirmed his conviction and sentence.  *See State v Barker,* 2017-0469 (La. App. 4 Cir. 5/30/18), 317 So.3d 422.  Writs to the Louisiana

---

[1] On September 4, 2020, the trial court rendered an amended judgment to state that the claims against Mr. Bunton and Gov. Edwards were dismissed *with prejudice.*  On September 11, 2020, Mr. Barker's motion for reconsideration was denied by the trial court.

[2] The basis for the recusal, as discussed more fully below, is that Judge Dysart dissented in favor of Mr. Bunton in a prior writ disposition from this Court*.  See Barker v Herman*, 18-0595 (La. App. 4 Cir. 9/18/20), unpub.

1

Supreme Court were denied. *See State v Barker*, 2018-0968 (La. 3/18/19), 267 So.3d 85.[3]

In September 2016, Mr. Barker filed a civil rights complaint in the Civil District Court alleging that his civil rights were violated as a result of the under-funding of the Office of Public Defenders ("OPD"). He originally named the Criminal Court judges, Senate President John Alario, the Judiciary Commission, and Gov. Edwards as defendants to the action. The complaint generally argued that the legislative branch was violating the constitution by underfunding the OPD, the criminal court judges by continuing to appoint known deficient counsel from the OPD, and the District Attorney by prosecuting cases under these unconstitutional conditions.

In May 2017, Mr. Barker filed an amended complaint adding the OPD, Mr. Bunton in his official capacity as Chief District Defender for the OPD, and Attorney General, Jeff Landry.

In December 2017, in response to the amended complaint, Gov. Edwards (along with the Attorney General, the Senate President, the Criminal Court judges, and the Judiciary Commission) filed an exception of no right of action on the basis of lack of justiciable controversy. Mr. Bunton filed exceptions of lack of procedural capacity, lack of subject matter jurisdiction, no right of action and no cause of action. The District Attorney filed exceptions of lack of subject matter jurisdiction, no cause of action and vagueness.

In a May 2, 2018 judgment, the exceptions of no right of action brought on behalf of Gov. Edwards and the Attorney General were denied in part. The

_____

[3] Mr. Barker's writ application, seeking post-conviction relief based on a claim of ineffective assistance of counsel, was later denied by the Louisiana Supreme Court in *State v. Barker*, 21-00705, p. 1 (La. 9/27/21), 324 So.3d 83.

exceptions filed by Mr. Bunton and the District Attorney were continued without date. The exceptions filed by the criminal court judges, the Judiciary Commission, and the Senate President were sustained.

On May 17, 2018, the trial court rendered judgment overruling Mr. Bunton's exceptions of lack of subject matter jurisdiction, no cause of action and no right of action. The exception of no cause of action brought on behalf of the District Attorney was sustained.

In response to that ruling, Mr. Bunton filed a supervisory writ application with this Court, which was denied. *See Barker v Herman*, *supra* n. 2. Judge Dysart dissented from the majority, finding that "the exceptions of no cause of action and lack of subject matter jurisdiction were erroneously denied by the trial court." The Supreme Court reversed, agreeing with Judge Dysart's dissent, stating:

> The "Civil District Court has jurisdiction over civil issues only, and the Criminal District Court has criminal jurisdiction only." *Cannizzaro ex rel. State v. Am. Bankers Ins. Co.*, 12-1455, pp. 3-4 (La. App. 4 Cir. 2/21/14), 133 So.3d 680. In this case, the Civil District Court has no jurisdiction to review the Criminal District Court. Thus, we reverse the lower courts and grant defendants' exception of lack of subject matter jurisdiction.

*Barker v. Herman*, 18-1725, (La. 4/22/19), 267 So.3d 585.

On May 21, 2018, Gov. Edwards and the Attorney General filed exceptions of no cause of action on the basis that the Governor's veto of certain line items in the budget (concerning budget cuts for the OPD) did not create a cause of action as asserted by Mr. Barker. In an August 1, 2018 judgment, the trial court denied Gov. Edwards' exception, but sustained the exception of no cause of action brought by the Attorney General.

On December 18, 2019, the trial court granted Mr. Barker's motion for leave to file an amended complaint. The amended claim reiterated that the OPD was

3

unable to provide constitutional representation to its clients and that it was unconstitutional for Gov. Edwards to cut the OPD budget. Mr. Barker continued to assert that this civil action was not raised in connection with his own criminal case.

On February 24, 2020, Gov. Edwards filed exceptions of lack of subject matter jurisdiction and no cause of action on the basis that Mr. Barker's civil rights complaint presents no justiciable case or controversy, and because Gov. Edwards has no power to grant the relief requested. (At the subsequent hearing on the matter, the trial court added, *sua sponte,* an exception of no right of action to Gov. Edwards' claims).[4]

On June 17, 2020, Mr. Bunton filed a motion to vacate the trial court's December 18, 2019 order granting Mr. Barker's motion for leave to amend his civil rights complaint. Alternatively, Mr. Bunton filed exceptions of no right of action, no cause of action, *res judicata,* and lack of subject matter jurisdiction. (Note that Mr. Bunton did not initially seek review of the trial court's ruling, which granted Mr. Barker leave to amend his complaint).

On July 30, 2020, the trial court heard the exceptions filed by Mr. Bunton and Gov. Edwards. Judgment was rendered August 28, 2020, granting the exceptions of no right of action in favor of Mr. Bunton and Gov. Edwards. The exceptions of no cause of action, lack of subject matter jurisdiction and *res judicata* were denied as moot. On September 4, 2020, the trial court, based on its

---

[4] The trial court stated that based on the pleadings, the exceptions of no cause of action were interpreted as exceptions of no right of action. The peremptory exception of no right of action may be noticed by the court on its own motion. *See* La. C.C.P. art. 927; *State ex rel. Caldwell v. Molina Healthcare, Inc.*, 18-1768, p. 6 (La. 5/8/19), 283 So.3d 472, 477.

4

own motion for new trial, amended the judgment to state that Mr. Bunton and Gov. Edwards were dismissed with prejudice.

In granting the exceptions of no right of action, the trial court noted in Reasons for Judgment that Mr. Barker's amended complaint explicitly states that he makes "no issue whatever which could require the Civil District Court, nor to any particular criminal case issue of fact or evidence at trial, claimed trial error(s), individual claims of ineffective assistance of counsel/ineffective trial performance of counsel, or of any criminal case trial outcome." In light of Mr. Barker's assertions, the trial court determined that:

> Since Mr. Barker is not a lawyer, he cannot represent others; and he does not seek to raise his grievances on behalf of himself. He brought the claim, but emphasizes that the claim has nothing to do with his criminal conviction, but he lacks the requisite and individualized interest required by Louisiana law. Or stated differently, in violation of La. C.C.P. art 681,[5] Barker lacks a real and actual interest in the action he brings which is unique to him.

Mr. Barker's timely appeal followed.

## LAW AND DISCUSSION

### *Standard of Review:*

The standard of review of a trial court's ruling on an exception of no right of action is *de novo*. *N. Clark, L.L.C. v. Chisesi*, 16-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015. In *Abadie v. Arguelles*, 19-0794, pp. 3-4 (La. App 4 Cir. 2/19/20), 292 So.3d 961, 963-64, this Court discussed the scope of appellate review of the exception of no right of action as follows:

> "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. Specifically, " '[t]he function of an exception of no right of action is to

---

[5] La. C.C.P. art. 681 states that "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."

5

determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.' " *N. Clark*, 16-0599, p. 5, 206 So.3d at 1016 (quoting *Hood v. Cotter*, 08-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829). The defendant-exceptor has the burden of proving the exception of no right of action. *N. Clark*, 16-0599, p. 5, 206 So.3d at 1017 (citing *Hospitality Consultants, LLC v. Angeron*, 09-1738, p. 6 (La. App. 4 Cir. 6/9/10), 41 So.3d 1236, 1240); *See also Robertson v. Sun Life Financial*, 09-2275, p. 6 (La. App. 1 Cir. 6/11/10), 40 So.3d 507, 512 ("To prevail on the exception of no right of action, the defendant has the burden of establishing that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit."). "Evidence may be received under the exception of no right of action for the purpose of showing that the plaintiff does not possess the right he claims or that the right does not exist." *Teachers' Ret. Sys. of La. v. La. State Emp.'s Ret. Sys.*, 456 So.2d 594, 597 (La. 1984). Additionally, in determining whether to sustain an exception of no right of action, "a court should focus on whether the particular plaintiff has a right to bring the suit while assuming that the petition states a valid cause of action for some person." *N. Clark*, 16-0599, p. 6, 206 So.3d at 1017 (quoting *J-W Power Co. v. State ex rel. Dept. of Revenue & Taxation*, 10-1598, p. 7 (La. 3/15/11), 59 So.3d 1234, 1238-39).

***Analysis:***

In this appeal, Mr. Barker asserts the following assignments of error:

1. The District court erred sustaining Defendant's re-litigated, previously overruled exception of no right of action - violating the Doctrine of Res Judicata; and

2. Previously declaring Appellant clearly had both a right and cause of action, and contrary to Gov. Edwards conceding Appellant may have a case or controversy on the core complaint of his petition, the district court subsequently declared - in opinion, and where no claim or relief had been changed - an unsubstantiated and generally assertion of no right of action & pointed to nothing specific to justify the contradictory ruling, and allowing external matters.

Mr. Barker argues that the trial court was barred from granting the exception of no right of action in favor of Gov. Edwards based on the doctrine of *res judicata*. We disagree.

It is well-established that to succeed on an exception of *res judicata*, the moving party must prove the following five requisite elements: 1) the judgment is valid; 2) ***the judgment is final***; 3) the parties are the same; 4) the cause or causes

6

of action asserted in the second suit existed at the time of final judgment in the first litigation; and 5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first litigation. *See Crown Pine Timber 4, LP v Crosby Land & Resources, LLC,* 20-0356, p. 5 (La. App. 4 Cir. 11/25/20), 311 So.3d 434, 438 (emphasis added).

Clearly, the denial of a peremptory exception is an interlocutory judgment, not a final judgment pursuant to La. C.C.P. art. 1841.[6] Thus, the doctrine of *res judicata* does not apply to the denial of an exception of no right of action. *See Lucas v Monroe Credit, LLC*, 54,170 (La. App. 2 Cir. 12/15/21), 332 So.3d 1264; *Eastin v. Entergy Corp.*, 07-0212 (La. App. 5 Cir. 10/16/07), 971 So.2d 374. Accordingly, and contrary to Mr. Barker's argument, the trial court was not barred by the doctrine of *res judicata* in this instance.

Regarding Mr. Bunton, Mr. Barker seems to argue that the Supreme Court's prior ruling, which granted the exception of lack of subject matter jurisdiction in favor of Mr. Bunton, was "obtained on deception and presenting false information." Again, as previously noted, it seems Mr. Barker is referencing the fact that Judge Dysart dissented in favor of Mr. Bunton in that matter. Mr. Barker asserts in his brief that Judge Dysart's dissent in that writ application was motivated by his interest in protecting the opinion which he authored in Mr. Barker's appeal of his criminal convictions. Our review of the record demonstrates no merit in Mr. Barker's argument concerning deceptive practices or conflicts of

---

[6] La. C.C.P. art. 1841 provides:
> A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
> A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
> A judgment that determines the merits in whole or in part is a final judgment.

7

interest in connection with Judge Dysart's dissent or with the Supreme Court's previous ruling.

As to the merits of the exceptions of no right of action brought on behalf of Mr. Bunton and Gov. Edwards, we consider *Clayton v Cannizzaro* 15-1107, p. 7 (La. App. 4 Cir. 6/15/16), 197 So.3d 238, 242, wherein this Court held:

> Generally, "an action can be brought only by a person having a real and actual interest which he asserts." La. C.C.P. art. 681. "The exception of no right of action tests whether the plaintiff has a real and actual interest in the action." *Weber v. Metro. Cmty. Hospice Found.*, Inc., 2013-0182, p. 4 (La. App. 4 Cir. 12/18/13), 131 So.3d 371, 374, citing La. C.C.P. art. 927(5). The function of the exception is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the lawsuit. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n*, 94-2015, p. 4 (La.11/30/94), 646 So.2d 885, 888.

In the present case, as the trial court correctly determined, Mr. Barker's civil rights complaint was admittedly not raised in connection with his own or any other criminal court case. Rather, the complaint generally challenges the constitutionally of Louisiana's public defense law.

In *Shepherd v Schedler*, 15-1750, p. 9 (La. 1/27/16), 209 So.3d 752, 762, the Supreme Court reiterated the following applicable principles:

> One of the predicate issues that must be decided by a court before considering a constitutional challenge is whether the party seeking the declaration of unconstitutionality has standing to bring the challenge. *In re Melancon*, 05-1702, p. 7-8 (La. 7/10/06), 935 So.2d 661, 667; *State v. Mercadel*, 03-3015, p. 7-8 (La. 5/25/04), 874 So.2d 829, 834. To have standing to bring a constitutional challenge, the party bringing that challenge must have rights in controversy. *Mercadel*, 03-315 at 8, 874 So.2d at 834.

Pursuant to La. C.C.P. art. 681, and the jurisprudence cited herein, we find that the exceptions of no right of action were properly granted in favor of Mr. Bunton and Gov. Edwards.

**CONCLUSION**

For the foregoing reasons, and based on our *de novo* review, we find no error in the trial court's August 28, 2020 judgment, as amended on September 4, 2020, granting the exceptions of no right of action and dismissing Mr. Bunton and Gov. Edwards with prejudice.  Accordingly, we affirm.  Additionally, for the reasons set forth above, Mr. Barker's writ application, seeking to recuse Judge Dysart, is hereby denied.

**AFFIRMED; WRIT DENIED**