STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0110

**IMPRESSIONS ADVERTISING SPECIALITIES, LLC AND
JIM C. WATSON**

**VERSUS**

**THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT**

Judgment Rendered:___**SEP 1 9 2025**___

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C731011, Sec. 21

Honorable Ronald R. Johnson, Judge Presiding

* * * * * * *

Jerald N. Jones                     Counsel for Plaintiff/Appellant,
Dalton J. Delong                    Jim C. Watson
Baton Rouge, Louisiana


James L. Maughan                    Counsel for Defendant/Appellee,
Baton Rouge, Louisiana              State of Louisiana, through the
                                    Department of Transportation and
                                    Development

* * * * * * *

**BEFORE: THERIOT, PENZATO, AND BALFOUR, JJ.**

**PENZATO, J.**

The trial court sustained a peremptory exception of no right of action filed by the State of Louisiana, through the Department of Transportation and Development, and dismissed the claims asserted by Jim C. Watson with prejudice. Watson appealed. After *de novo* review, we reverse and remand this matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Jim C. Watson and Impressions Advertising Specialties, LLC filed a petition for writ of mandamus and damages against the State of Louisiana, through the Department of Transportation and Development ("DOTD"), in April 2023. According to the petition, multiple public records requests were made to DOTD pursuant to the Louisiana Public Records Act ("LPRA"), La. R.S. 44:31, *et seq*, to obtain records concerning maintenance and ownership of a frontage road that runs between a tract of land owned by Impressions Advertising and Interstate 20. The petition further alleged that the requests were not answered or were only partially satisfied.

DOTD answered the petition and raised a peremptory exception of no right of action pursuant to La. C.C.P. art. 927(6), alleging the petition identified Impressions Advertising as the party who submitted the public records requests.[1] DOTD asserted that Watson did not make any of the records requests on his own behalf; therefore, he had no right of action.

Watson opposed the exception, and the matter was heard by the trial court in September 2024. Orally, and in a judgment signed on October 11, 2024, the trial court sustained DOTD's exception of no right of action. Watson then filed this appeal.

---

[1] DOTD also raised an exception of prescription, which was overruled by the trial court, and is not before us in this appeal.

## AMENDED JUDGMENT

After the appeal was lodged, this court noted the October 11, 2024 judgment failed to dismiss or otherwise dispose of any claims and, therefore, lacked the required decretal language. See La. C.C.P. art. 1918(A). Pursuant to this court's interim order, issued on July 11, 2025, the record was supplemented with an amended judgment, signed on July 25, 2025, which dismissed Watson's claims with prejudice.

## LAW AND ANALYSIS

In a single assignment of error, Watson asserts the trial court erred by sustaining the exception of no right of action and dismissing his claims. After review, we agree.

"[A]n action can be brought only by a person having a real and actual interest which he asserts." La. C.C.P. art. 681; *McKinley v. McKinley*, 2024-0850 (La. App. 1st Cir. 3/21/25), 410 So.3d 375, 379. The exception of no right of action assumes the petition states a valid cause of action and tests whether the plaintiff has an interest in judicially enforcing it. The exception focuses on whether the plaintiff has a right to sue the defendant to enforce the claim. *McKinley*, 410 So.3d at 379. The defendant has the burden of establishing the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit and any doubt is to be resolved in favor of the plaintiff. *McKinley*, 410 So.3d at 379.[2]

Evidence supporting or controverting an exception of no right of action is admissible. La. C.C.P. art. 931. However, when no evidence is admitted, as is the case here, the determination of whether the plaintiff has a right of action must be decided upon the facts alleged in the petition, and all well-pleaded facts in the

---

[2] The exception of no right of action does not raise the question of the plaintiff's ability to prevail on the merits, nor does it question whether there is a valid defense to the proceeding. *McKinley*, 410 So.3d at 379.

3

petition must be taken as true. *Strategic Medical Alliance II v. State*, 2022-0051 (La. App. 1st Cir. 11/4/22), 355 So.3d 55, 59. A copy of any written instrument that is an exhibit to a pleading is a part thereof. La. C.C.P. art. 853. A trial court's ruling sustaining an exception of no right of action is reviewed under the *de novo* standard of review to determine whether the trial court was legally correct.[3] *McKinley*, 410 So.3d at 379-80.

Pursuant to the LPRA, any person of the age of majority may inspect, copy, or reproduce any public record. La. R.S. 44:31(B)(1). Any person who has been denied access to a public record may institute proceedings for the issuance of a writ of mandamus. La. R.S. 44:35(A); *Labranche v. Landry*, 2022-0461 (La. App. 1st Cir. 12/15/22), 357 So.3d 395, 404. To invoke mandamus relief under the LPRA, the request must be made by a "person." La. R.S. 44:31; La. R.S. 44:32(A)(1); *Labranche*, 357 So.3d at 404.[4] Only the person who makes the request to inspect or copy a public record and is denied that right belongs to the class of persons to whom the law grants the cause of action. La. R.S. 44:35; *Red Stick Studio Development, L.L.C. v. State ex rel. Department of Economic Development*, 2009-1349 (La. App. 1st Cir. 4/8/10), 37 So.3d 1029, 1034, *writ denied*, 2010-1501 (La. 10/1/10), 45 So.3d 1102.

Here, the petition states that Watson, "[a]cting in his capacity as agent for" or "on behalf of" Impressions Advertising made public records requests to DOTD on June 8, 2021, June 11, 2021, and September 2, 2022. However, for each request, the petition states that Watson exchanged emails with DOTD and requested that DOTD provide him with the requested documents. According to the petition, Watson's

---

[3] However, when evidence is introduced to support or controvert an exception of no right of action, the trial court's factual findings are reviewed under the manifest error-clearly wrong standard of review. *McKinley*, 410 So.3d at 380.

[4] Additional requirements are: the request must be made to a "custodian" (La. R.S. 44:1(A)(3)); the document requested must be a "public record" (La. R.S. 44:1(A)(2)(a)); the document requested must exist (La. R.S. 44:35); and there must be a failure by the custodian to respond to the request, (La. R.S. 44:35(A)). *Labranche*, 357 So.3d at 404.

second request stated, "I am making a formal request for the Records, Deeds, Construction Drawings...." The September 2, 2022 public records request form attached to the petition bears Watson's name alone.[5] Impressions Advertising is not mentioned on the form, in which Watson stated, "I want all [sic] a copy of all communications...concerning the Frontage Road. I will also need a list of all roads in LA DOTD District 4 that are currently enroled [sic] in The Road Transfer Program."

This case is similar to *Red Stick Studio Development, L.L.C.*, 37 So.3d 1029. There, V. Thomas Clark, Jr. made three public record requests to the State, but Red Stick Studio Development, L.L.C. was the plaintiff in the proceeding arising out of the State's handling of the requests. The State raised an exception of no right of action as to Red Stick's claim for sanctions under the LPRA since Clark made the public record requests. *Red Stick Studio Development, L.L.C.*, 37 So.3d at 1032. The trial court denied the exception, finding Clark was not acting individually but in his representative capacity when he made the request. This court rejected the trial court's reasoning, stating, "the existence, or non-existence, of an agency relationship is not the turning point in a case such as this one." *Red Stick Studio Development, L.L.C.*, 37 So.3d at 1035. This court found that Clark made the requests and was the person who had a right to bring a suit for enforcement of the LPRA and for damages. *Red Stick Studio Development, L.L.C.*, 37 So.3d at 1035.

Similarly, here, whether an agency relationship existed between Watson and Impressions Advertising "is not the turning point in a case such as this one." See *Red Stick Studio Development, L.L.C.*, 37 So.3d at 1035. Accepting as true the well-pleaded factual allegations asserted in the petition, we find that Watson made the

---

[5] Notably, the public records request form contained a space to list "COMPANY/FIRM" and it was left blank.

public records requests at issue and is the person who has the right to bring a suit for enforcement of the LPRA and for damages.

## CONCLUSION

For the foregoing reasons, we reverse the July 25, 2025 amended judgment, sustaining the peremptory exception of no right of action filed by the State of Louisiana, through the Department of Transportation and Development, and dismissing the claims asserted by Jim C. Watson with prejudice. We remand this matter for further proceedings consistent with this opinion. Costs of this appeal in the amount of $908.00 are assessed against the State of Louisiana, through the Department of Transportation and Development.

**REVERSED AND REMANDED.**